**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

----------------------------------------x
IN RE: APPLICATION OF IMANAGEMENT : Misc. No. M19-116
SERVICES LTD. TO TAKE THE TESTIMONY OF : Part I
SVETLANA GONCHAROV, SVETLANA :
KUDRYAVTSEVA, AND GALINA : **ORDER**
ORLOVSKAYA FOR USE IN AN ACTION :
PENDING IN THE MOSCOW COURT OF : MISC-05-89 (JFB)
ARBITRATION IN MOSCOW, RUSSIA :
----------------------------------------x

Upon review of the Application of Imanagement Services Ltd. ("Imanagement"), with Dreier LLP appearing as attorney for applicant, for an order pursuant to 28 U.S.C.A. 1782 appointing Dreier LLP to take the depositions of Svetlana Goncharov, Svetlana Kudryavtseva, and Galina Orlovskaya (collectively the "Witnesses") for use in the action entitled *Imanagement Services Ltd. v. The Bank of New York and Third Party JSC AB Inkombank*, No. A40-1309/05/30/83 (the "Russian Action"), now pending in the Arbitration Court of Moscow in Russia, it appears to the Court that the Witnesses, all residents of this judicial district, have knowledge of facts material to the prosecution of the Russian Action, and it further appears that justice will be served by the taking of the testimony of the Witnesses for use in such action, therefore;

IT IS ORDERED that Dreier LLP, attorneys at law, be, and are hereby, appointed special examiner with full power to collect evidence, administer oaths and take the depositions of the Witnesses concerning the alleged fraudulent transactions effectuated through the Bank of New York to Imanagement's detriment;

IT IS FUTHER ORDERED that Svetlana Goncharov produce, by May 20, 2005, at the offices of Dreier LLP, 499 Park Avenue, New York, New York 10022, copies of all

documents listed in Schedule A, and now in her custody, and that Svetlana Goncharov appear to testify and give evidence as a witness at an examination before Dreier LLP, at its offices, on June 3, 2005 at 10:30 a.m., and at any recessed or adjourned date, in furtherance of Imanagement's prosecution of the Russian Action, pursuant to 28 U.S.C. § 1782(a);

IT IS FUTHER ORDERED that Svetlana Kudryavtseva produce, by May 24, 2005, at the offices of Dreier LLP, 499 Park Avenue, New York, New York 10022, copies of all documents listed in Schedule A, and now in her custody, and that Svetlana Kudryavtseva appear to testify and give evidence as a witness at an examination before Dreier LLP, at its offices, on June 7, 2005 at 10:30 a.m., and at any recessed or adjourned date, in furtherance of Imanagement's prosecution of the Russian Action, pursuant to 28 U.S.C. § 1782(a);

IT IS FUTHER ORDERED that Galina Orlovskaya produce, by May 23, 2005, at the offices of Dreier LLP, 499 Park Avenue, New York, New York 10022, copies of all documents listed in Schedule A, and now in her custody, and that Galina Orlovskaya appear to testify and give evidence as a witness at an examination before Dreier LLP, at its offices, on June 6, 2005 at 10:30 a.m., and at any recessed or adjourned date, in furtherance of Imanagement's prosecution of the Russian Action, pursuant to 28 U.S.C. § 1782(a);

IT IS FURTHER ORDERED that Dreier LLP serve copies of this order on Imanagement, The Bank of New York and OJSC AB Inkombank by mail by May 13, 2005;

IT IS FURTHER ORDERED that copies of this order shall be personally served on Svetlana Goncharov, Svetlana Kudryavtseva and Galina Orlovskaya by May 13, 2005 or as soon thereafter as possible; and

IT IS FUTHER ORDERED THAT, upon completion of the depositions of the Witnesses pursuant to this Order, Dreier LLP file copies of the deposition transcripts with the

Clerk of this Court and transmit the originals of the deposition transcripts, together with a copy of the petition and Order herein, to the Arbitration Court of Moscow in Russia by mail or otherwise.

Dated: ~~April~~ MAY 2, 2005

```
_____
UNITED STATES DISTRICT JUDGE
```

# SCHEDULE A

## Definitions

For purposes of this document request, the following terms shall have the meanings indicated:

1. "Document(s)" is defined in the broadest sense as is consistent with the CPLR and includes, without limitation, any original and each copy (whether different from the original by means of notes made on such copy or otherwise), of any handwritten, typewritten, printed, recorded, microfilmed, copied or printed on computer hard drive, tape, disc, or otherwise prepared matter, however produced or reproduced, including, but not limited to, communications, letters, correspondence, agreements, working papers, memoranda, contracts, diaries, appointment books, calendars, telegrams, telexes, telefaxes, cables, notes, computer printouts, computer programs, computer files, emails, minutes or other recordings of meetings or conversations (whether in person or via telephone or other means), photographs, drafts, writings, medical records, hospital records, and all other written, printed, typed or other graphic or recorded matter of any nature whatsoever, however denominated, including any drafts or incomplete versions of such material and all other material of any tangible medium of expression and original or preliminary notes. A draft or non-identical copy is a separate document within the meaning of this term.

2. "Concerning" means relating to, referring to, describing, evidencing or constituting, analyzing or reflecting.

3. As used herein, the term "Imanagement" shall mean plaintiff Imanagement Services Ltd., and all of its officers, directors, employees, parent corporations, subsidiaries, affiliates, agents and advisors.

4. As used herein, the term "Inkombank" shall mean JSC AB Inkombank and all of its officers, directors, employees, parent corporations, subsidiaries, affiliates, agents and advisors.

5. As used herein, the term "BONY" shall mean The Bank of New York and all of its officers, directors, employees, parent corporations, subsidiaries, affiliates, agents and advisors.

6. As used herein, the term "Renaissance Capital" shall mean Renaissance Capital Group Ltd., a corporation organized under the laws of Bermuda, and all of its officers, directors, employees, parent corporations, subsidiaries, affiliates, agents and advisors.

7. As used herein, the term "Renaissance Securities" shall mean Renaissance Securities (Cyprus) Ltd., a corporation organized under the laws of Cyprus, and all of its officers, directors, employees, parent corporations, subsidiaries, affiliates, agents and advisors.

8. As used herein, the term "Renaissance Group" shall mean Renaissance Capital and Renaissance Securities collectively, and all of their officers, directors, employees, parent corporations, subsidiaries, affiliates, agents and advisors.

9. As used herein, the term "Chase" shall mean J.P. Morgan Chase & Co., and all of its officers, directors, employees, parent corporations, subsidiaries, affiliates, agents and advisors.

## Instructions

For purposes of this document request, the following instructions shall apply:

1. If any of the documents requested cannot be produced, produce responsive documents to the extent possible, specifying the reasons for your inability to produce the remainder and stating whatever information, knowledge or belief you have concerning those

documents not produced, including, without limitation, the circumstances of their destruction or disappearance.

2. For each document withheld from production under a claim of privilege, including attorney-client privilege or the work product doctrine, provide a statement setting forth as to each document:

    a. The nature of the privilege;
    b. The name, title and affiliation of the author(s);
    c. The name, title and affiliation of each person to whom the document was addressed;
    d. The name, title and affiliation of each person to whom a copy of the document was provided;
    e. The date of the document;
    f. The number of pages;
    g. A description of the nature and subject matter of the document in detail sufficient to identify the type of document and to explain the basis for the assertion of privilege; and
    h. The location of the original and each copy of the document.

3. Unless otherwise stated, all requests herein relate to the period January 1, 1997 to date.

## Document Requests

a. All documents concerning any transfers effectuated through BONY on behalf of Inkombank, including, but not limited to, transfers made concerning any member of the Renaissance Group or its agent banks including, but not limited to, Chase.

b. All documents concerning any communications between BONY and Inkombank.

c. All documents concerning any account held at BONY concerning Inkombank.

d. All documents concerning any account held at BONY on behalf of Inkombank, including, but not limited to, any account origination documents.

e. All documents concerning any communications between BONY and any member of the Renaissance Group or its agent banks, including, but not limited to, Chase.

f.  All documents concerning any communications between Inkombank and any member of the Renaissance Group or its agent banks, including, but not limited to, Chase.